UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS D. GRAY,<br><br>Defendant. | No. 2:22-cr-00083-TLN<br><br>**ORDER** |

This matter is before the Court on the Government's Motion to Reconsider this Court's July 26, 2023, Order granting Defendant Nicholas D. Gray's ("Defendant") Motion to Suppress Evidence. (ECF No. 43.) Defendant filed an opposition, and the Government filed a reply. (ECF Nos. 53, 55.) For the reasons set forth below, Government's Motion to Reconsider is DENIED.

///
///
///
///
///
///
///
///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On July 26, 2023, this Court granted Defendant's motion to suppress evidence and ordered the parties to meet and confer and provide the Court with a proposed date for a status conference.  (ECF No. 42.)  As noted in this Court's Order "[t]he underlying facts in the instant case are undisputed, and the parties agree no evidentiary hearing is required."  (ECF No. 42 at 2; *see also* ECF No. 36 at 3–7; ECF No. 39 at 2–5.)  A full recitation of these undisputed facts can be found in this Court's previous Order.  (ECF No. 42 at 2–5.)

On August 2, 2023, the Government filed a motion for reconsideration of this Court's Order.  (ECF No. 43.)  Defendant filed his opposition on August 24, 2023, and on August 31, 2023, the Government filed its reply.  (ECF Nos. 53, 55.)  The motion is thus fully briefed.

### II.     STANDARD OF LAW

"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)).  Pursuant to Local Rule 430.1(i), a party filing a motion for reconsideration of a criminal order must show "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion."  E.D. Cal. L.R. 430.1(i); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).

### III.     ANALYSIS

The Court turns first to the threshold issue of whether the Government is entitled to reconsideration.  The Government argues "the Court relied upon factual findings and drew inferences that were not supported by the record without holding an evidentiary hearing."  (ECF No. 43 at 1.)  The Government asserts the "Court determined that there are disputed facts" and thus the Court should hold an evidentiary hearing.  (*Id.*)  Specifically, the Government argues the Court determined there were "at least three" factual disputes: (1) the Court made a factual finding about what Ms. Reyna could see and hear in determining whether she was aware of and consented

1  to the search of the Game Room and garage; (2) the Court found that Ms. Reyna could not have
2  objected to the expanded searches by Officer Ratcliffe because the searches occurred outside of
3  Mr. Reyna's view and presence; (3) the Court found that it can hardly be said Ms. Reyna
4  understood the passing statement of "it's up to you" as information of her right to refuse consent;
5  and (4) the Court found the evidence demonstrates that Ms. Reyna was uncertain about her ability
6  to provide consent and unaware of her right to refuse consent.  (*Id.* at 3–4.)  The Government
7  appears to argue an evidentiary hearing is required so the Court can hear from Ms. Reyna.  (*Id.*)
8  The Government also argues the Court's voluntariness determination is contrary to law and the
9  Court's determination regarding the scope of consent is inconsistent with the factual record.  (*Id.*
10 at 5–11.)

11         Defendant disagrees.  Defendant argues the Government has failed to present new or
12 different facts or circumstances or other grounds to warrant reconsideration.  (ECF No. 53 at 1.)
13 Defendant points out that the Government previously agreed there are no disputed facts and that
14 no evidentiary hearing is required.  (*Id.*)  Defendant further notes that while the Government
15 "initially indicated it would request an evidentiary hearing 'should disputed issues of fact arise'
16 … it did not request one because issues of fact were never in dispute."  (*Id.* at 2.)  Defendant
17 asserts testimony from Ms. Reyna is unnecessary because what she could see and hear is clear
18 from the uncontested video evidence.  (*Id.* at 2–3.)  Additionally, Defendant argues the Court
19 properly applied the totality of the circumstances test in determining Ms. Reyna did not give
20 voluntary consent and that there is no basis to reconsider the determination that the officers
21 exceeded the scope of consent.  (*Id.* 4–6.)

22         The Court finds the Government is not entitled to reconsideration.  The Government cites
23 no new or different facts or circumstances that did not exist previously.  The Government
24 identifies no new witness, newly uncovered information, or other evidence or facts that could not
25 have been presented to this Court prior to its decision.  The Government appears to argue this
26 Court should have heard testimony from Ms. Reyna in order to make its factual findings.  The
27 Court reminds the Government that it — not this Court and not Defendant — shoulders the
28 burden to justify this warrantless search.  *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir.

1   2001); *see also United States v. Vasey*, 834 F.2d 782, 785 (9th Cir. 1987).  If the Government
2   wished to call Ms. Reyna as a witness and request an evidentiary hearing, it was free to do so
3   prior to the Court making any determinations in this case.  The Government did not.  Indeed, the
4   Government neither requested an evidentiary hearing in which to allow Ms. Reyna to testify nor
5   did the Government submit any additional declarations, report, or statements from Ms. Reyna, or
6   anyone else.  Any additional information from Ms. Reyna could have been presented previously.
7   The Government's failure to present such evidence is not grounds for reconsideration.

8   The Government casts this Court's factual findings as determinations of disputed fact.
9   This argument is puzzling.  The parties provided this Court with two body camera videos
10  documenting the entire interaction between Ms. Reyna and the officers.  This evidence was and
11  remains undisputed.  The Government provided no additional evidence.  The Court used this
12  uncontested video evidence as the basis for its factual findings.  This is unquestionably the role of
13  this Court.  *See United States v. Torres*, 987 F.3d 893, 898 (10th Cir. 2021) ("In ruling on a
14  motion to suppress, the district judge acts as the factfinder"); *United States v. Rodebaugh*, 798
15  F.3d 1281, 1290 (10th Cir. 2015) ("reasonable inferences drawn from evidence are within the
16  district court's province as the fact-finder"); *United States v. Noriega*, 676 F.3d 1252, 1263 (11th
17  Cir. 2012) (noting "it is the district court's role to find the facts"); *United States v. Cole*, 425 F.
18  Supp. 3d 468, 473 (W.D. Pa. 2019) ("The trial judge takes on the role of fact finder when
19  deciding a motion to suppress").  This Court's factual findings were based on and supported by
20  the undisputed video evidence.  The Government's disagreement with these factual findings does
21  not somehow render this previously undisputed evidence, disputed.  Again, if the Government
22  wished to have an evidentiary hearing it was free to request one prior to this Court's decision.  If
23  the Government wished to submit additional evidence, it was free to do so prior to this Court's
24  decision. The Government, however, did neither.

25  The Government's remaining arguments relate to the Court's substantive analysis.  The
26  Court finds its analysis is both supported by the record and the law.  The Government's
27  arguments to the contrary are unpersuasive.  The Government cannot use a motion for
28  reconsideration as a mechanism to relitigate the same issues previously before the Court.

Because the Government has failed to identify any new or different facts or circumstances that did not exist previously or establish that other grounds exist to support reconsideration, the Court DENIES the Government's motion.

### IV. CONCLUSION

For the foregoing reasons, the Government's motion for reconsideration is DENIED. (ECF No. 43.)

IT IS SO ORDERED.

Date: September 7, 2023

Troy L. Nunley
United States District Judge